(No. 4648- )

ALEXANDER V. CAPRARO, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed June 24, 1955.*

TOCCO AND TOCCO, Attorneys for Claimant.

LATHAM CASTLE, Attorney General; MARION G. TIERNAN, Assistant Attorney General, for Respondent.

WHAM, J.

The complaint filed herein alleges that claimant, an architect and engineer with offices in Chicago, and licensed to practice in the State of Illinois, entered into a contract with respondent to perform architectural and engineering services with regard to the construction of an addition to the highway police radio station at Macomb, Illinois, which contract is dated February 6, 1952, a true and correct photostatic copy of same being attached to said complaint, and marked exhibit A.

Claimant contends that the services were rendered and accepted by respondent under the terms of the contract, and that there is now due and owing a balance of $910.50.

A stipulation was entered into by claimant and respondent waiving the necessity of taking testimony and filing briefs and arguments, and submitting the case to the Court for consideration on the above amount.

Claimant's exhibit B, a letter directed to claimant, and signed by Louis H. Gerding, Supervising Architect of the Department of Public Works and Buildings, acknowledges that said above named sum is due and owing claimant, as the unpaid balance under the terms of the

contract. The Departmental Report filed by respondent, and signed by E. A. Rosenstone, Director of the Department of Public Works and Buildings, acknowledges that under the terms of the contract no legal objection can be raised against the payment of the $910.50 balance due. The Supplemental Departmental Report, signed by E. A. Rosenstone, also acknowledges said balance being due and owing.

The only controversy in the case when originally filed related to claimant's contention that an additional $267.60 was due and owing for additional and extra engineering aid and advice. This was disputed by respondent, and a motion to strike and dismiss that portion of claimant's complaint referring to said sum was filed.

Subsequent to the filing of said motion, and prior to the submission of this case to the Court for decision, claimant and respondent entered into a stipulation wherein said motion was withdrawn, and claimant amended the prayer of said complaint to pray for judgment against respondent in the amount now claimed, being the amount of $910.50. There being no further dispute in this matter between the parties hereto, and it appearing to the Court that the only balance due and owing claimant under the terms of and by virtue of the contract mentioned herein is $910.50; and it further appearing that said amount is a just and correct claim, said claim is, therefore, allowed, and claimant shall have and recover from respondent the sum of $910.50.